WALDON CONNELLY v. THE STATE.

No. 14442. Delivered March 2, 1932.

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary; punishment, two years in the penitentiary.

On the night of July 26th, 1930, a building occupied by A. Connelly was burglarized. An unlocked safe in the building was entered and a box of papers taken therefrom. Among other things in the box was a note which had been executed by P. E. Brown, payable to A. Connelly on October 1, 1930, being for the sum of $83.15. About twenty feet back of the burglarized building was an old coal house which seems to have been used by the public generally as a toilet. A week or ten days after the burglary a witness discovered in this old coal house a large part of the papers which had been taken at the time of the burglary. Mr. A. Connelly and the witness picked up many of them, but among the things not recovered was the Brown note. None of the unrecovered papers had been heard of up to the time of the trial except the Brown note. About the first of October appellant had in his possession this note. He went to Brown and according to Brown's testimony, represented that he was working for Mr. A. Connelly and making collections for him, and tried to collect the note, but was told by Mr. Brown that he was not able to take care of it just at that time. Brown said appellant then offered to take fifty per cent of the note and finally said he had been instructed by Mr. A. Connelly if he could get ten per cent of the amount to take it. This seems to have angered Mr. Brown to some extent, who thought Mr. A. Connelly was discounting the value of his paper, so he gave appellant a check for $8.35 and the note was surrendered to Brown. This check was cashed by appellant. Appellant denied the burglary. He claimed never to have been in possession of any of the papers taken at the time of the burglary except the Brown note which he claims to have found in this old coal house some four or five days

before he presented it to Mr. Brown for payment. He said that at the time he found the note he was using the old coal house for a toilet, discovered the note and took possession of it. He denied that he told Brown he was making collections for Mr. Connelly, and that he had been instructed by Connelly to take ten per cent on the face value of the note in settlement thereof.

The court submitted the defense of alibi, and in addition thereto told the jury if appellant came into possession of the note in question by finding it he could not be convicted of burglary, and also told them he was on trial for burglary alone and that unless the jury believed that appellant was guilty of burglary they should acquit him, regardless of what they might find or believe with reference to any other fact in the case.

One ground of appellant's motion for new trial was based on newly discovered evidence. The motion in that respect meets every requirement of the law regarding diligence and excludes any idea that appellant or his counsel knew of the evidence until after the trial. Lyman Pitman is the witness from whom appellant expected to secure the newly discovered evidence. It is averred in the motion that Pitman bore a good reputation for truth and veracity; that he was an honest, upright citizen; that his proposed testimony would account for the note being in the outhouse where appellant claims to have found it, and that would corroborate appellant upon another trial. The bill of exception bringing this matter forward recites that the state filed no contest and introduced no testimony, and that the only evidence offered upon the hearing of the motion for new trial were the affidavits attached to the motion. The case seems to have been tried on the 12th day of February, 1931. The affidavit of Pitman was taken on the 17th day of February. It is stated therein that the witness lived in the town of Trenton where the burglary was alleged to have occurred and was acquainted with appellant; that witness had been to San Antonio on a visit and returned to Trenton after appellant's trial; that he was told that upon the trial of the case it was contended by the state that because appellant was in possession of the Brown note that appellant had committed the burglary. The affidavit then continues as follows: "* * * that this affiant stated then that he had seen the Brown note payable to Connelly in the out-house back of the A. Connelly building in the town of Trenton, together with lots of other papers, checks and waste papers, and that he left the note there but remembers seeing the same in this out building the latter part of September, 1930, and that he would know the note should he see the same."

The sufficiency of Pitman's affidavit is challenged by the state on the ground that it was not a direct averment that the witness would testify that he had actually seen the note in question in the out-house the latter part of September, 1930, but that the same can only be construed as an averment that having heard of appellant's conviction Pitman had stated

that he had seen the note there. We are inclined to the view that to adopt the state's construction of the language quoted would be to place such a restrictive meaning upon the language employed by the drawer of the affidavit that it might work an injury to appellant: The affidavit might have been so drawn as to have eliminated the question. However, it appears to convey the information that at the time of making the affidavit witness remembered seeing the note in question in the out-house in the latter part of September, 1930, and left it there, and that he did make a statement to this effect on his return to the town of Trenton and upon hearing of appellant's conviction.

Believing this to be a fair construction of the affidavit, the court concludes that appellant should have been awarded a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Morrow, P. J., absent.